Judge Owsley
delivered the opinion of the court.
This was an action on the case brought by Hardin against Cumstock, in the circuit court.
The declaration charges, that Cumstock desirous of defaming and injuring Hardin in his good fame and reputation, and expose him to the pains and penalties against robbery, by his attorney William Allen, did falsely and maliciously issue against Hardin, a writ in behalf of himself, Cumstock, from the clerks office of the Breckinridge circuit court, in an action of assault and battery, and in said writ, falsely and maliciously charged said Hardin of robbing him, Cumstock, of five hundred dollars in silver, and did falsely and maliciously utter and publish the contents of said writ, in the presence of divers good citizens of this commonwealth, &c.
To this declaration Cumstock pleaded not guilty, and issue was joined thereon.
On the trial Hardin read in evidence the following memorandum for a writ:—“Cumstock against Hardin, trespass, vi et armis, assault and battery, false imprisonment and robbery; damage $2000, no bail required—Allin. And also read the writ which issued in pursuance thereof, and which required Hardin to answer Cumstock, in a plea of trespass, vi et armis, assault and battery, false imprisonment and robbery. And produced in evidence the declaration thereon, containing a recitation of the action in strict accordance to the memorandum and writ; and moreover, charges Hardin with assaulting, beating, and wounding Cumstock, and taking from him five hundred dollars in silver, &c. Whereupon Cumstock introduced and proved by Allin, that Cumstock employed him to bring an action against Hardin for assault and battery—that he made the memorandum for robbery without the directions of Cumstock, and that he also filed the declaration in that way without his directions.
Upon this evidence, upon motion of Cumstock, the court instructed the jury, that if they believed the evidence, they ought to find for him. Exceptions were taken to the opinion of the court, and the evidence made part of the record. Under the instructions of the court a verdict was found for Cumstock, and judgment thereon rendered against Hardin *481 and from that judgment Hardin appealed. The assignment of errors involves an enquiry into the correctness of the instructions given to the jury.
An action of slander cannot he maintained for the uttering defamatory or libellous words in the regular course of justice.
From the preceding statement, it will be perceived, that no parol evidence was introduced conducing to shew that Cumstock ever uttered or published the slanderous matter charged in the declaration; but to the contrary, Hardin appears to have rested his cause exclusively upon the evidence contained in the memorandum, writ and declaration produced in evidence to the jury: so that, in examining the correctness of the instructions given by the circuit court, we are presented with the question, whether or not Hardin’s action can be sustained upon the charge of robbery, contained in that writ and declaration; and when, too, that charge is proven to have been made by Allin, without the directions of Cumstock, and under an engagement to commence an action of assault and battery against Hardin.
If the action of assault and battery were prosecuted falsely and maliciously, and without any reasonable or probable cause, there could be no question but an action might be sustained by Hardin; but then the action ought to be in the nature of an action of conspiracy for maliciously suing, and not in the form pursued in the present case.
If the action of Hardin can be sustained in its present form, it must be upon the principle of the writ and declaration containing libellous matter; but we are aware of no case where slanderous matter, charged in a regular course of justice, has ever been held to be libellous.
In the case of Leak against King, 1 Saund. 131, it was held, that for printing a false and scandalous petition to a committee of the house of commons, and delivering copies thereof to the members of the committee, no action would lie. And in 4 Coke, 14, it was held, that no action would lie for slanderous words contained in articles of the peace.
The reason assigned for the decision in the former case, is, that to deliver copies of such petitions is agreeable to the order and course of parliament; and the reason for the latter determination is, that by exhibiting articles of the peace, the party pursued the ordinary course of justice in such case.
In the case cited from Coke, the court, upon the authority of another case from Cro. Eliz. 230, 248, take a distinction between eases where the court has, and where it has not, jurisdiction.
*482 In the case cited from Coke, it appears that Owen Wood exhibited a bill in the Star chamber against Sir R. Bushley, and charged him with divers matters examinable in that court; and further, that he was a maintainer of pirates and murderers, and a procurer of murderers and pirates, which offences were not determinable in the Star chamber. Sir R. Bushley brought his action on the case against Owen Wood, and declared that the said Wood had exhibited the said bill, charging that the said Bushley was a maintainer of pirates and murderers, and a procurer of pirates and murderers, &c. and that the said Owen, at, &c. speaking of the matters contained in said bill, in the hearing, &c. of divers persons, &c. said that the said bill and matters therein contained were true, &c. The court resolved, that for any matter contained in said bill, which were examinable, in said court, no action would lie; but for the words not examinable there, an action on the case would lie.
But the editor of Saunders’ Reports, in note 1, to the case already cited, in speaking upon the distinction taken by the court in the case in Coke, says, “that the distinction “taken between cases where the court has, and where it “has not, jurisdiction, has been often denied, and in either “case no action will lie,” and refers to Lutw. 1571, in support of his position.
And Bacon in his abridgement, vol. 6, 226, adopts the broad and general proposition, “that no action lies for the “publication of slanderous words in a course of justice; but “if the publication be accompanied, with any circumstances “of malice, an action on the case, in the nature of a writ “of conspiracy, may be sustained.”
Whether or not this proposition should be admitted, with the exception contained in the distinction adopted by the court in the case in Coke, or generally, as seems to be supposed by the annotator to Saunders, need not, in the present case, however, be decided: for, in either point of view, we should be of opinion, assuming the evidence to be true, that Hardin has shewn no right to recover against Cumstock.
According to the general proposition, it is perfectly clear, that the action of Hardin cannot be maintained; and it may be fairly questioned, whether the charge of robbery comes within the exceptions.
There can be no doubt of the propriety of uniting in the same action with a charge of assault and battery, that of *483 taking and carrying away the property of the plaintiff;—And if a robbery be committed in taking the goods, an action may nevertheless be maintained, as well for the assault and battery as for the goods. In such an action, therefore, the robbery might be enquired into; and if so, it would seem to follow, that to charge the injury to have been committed under the circumstances with which it was connected, ought not to be deemed out of the regular course of justice, or a charge not examinable before the court.
If an attorney introduces slanderous matter into the pleadings without the direction of his client, the client is not responsible.
Hardin for appellant, Bibb for appellee.
But were it conceded that for such a charge as that contained in the writ and declaration an action might be maintained, still we should be of opinion the instructions of the circuit court were correct.
In such an action, malice is the git of the action; and without evidence of malice, Cumstock cannot be accountable. And assuming the evidence true, there is no pretext for the imputation of malice to Cumstock in charging the robbery. He appears to have engaged the attorney to prosecute an action for assault and battery, and the robbery is proven to have been charged by the attorney without his knowledge or directions.
The judgment must be affirmed with cost.